UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANNY JEROME YOUNG,

Plaintiff,

v.

P. CURRY,

Defendant.

No.  2:22-cv-1448 TLN AC P

ORDER

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983.

I.    Filing Fee

By order filed October 17, 2022, the court denied plaintiff's application to proceed in forma pauperis because he had accrued three strikes under 28 U.S.C. § 1915(g) at the time the complaint was filed.  ECF No. 8.  Plaintiff was ordered to pay the required filing fees in full within thirty days or face dismissal of this case.  Id.  After plaintiff failed to pay the fees within thirty days, the undersigned issued findings and recommendations recommending that the case be dismissed without prejudice.  ECF No. 9.  The following day, receipt of plaintiff's payment was entered on the docket.  Because plaintiff has paid the filing fee, the findings and recommendations will be withdrawn and the undersigned will proceed to screen the complaint.

////

////

1       II.      <u>Statutory Screening of Prisoner Complaints</u>

2           The court is required to screen complaints brought by prisoners seeking relief against "a

3   governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).

4   The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

5   "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]

6   monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

7           A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

8   <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th

9   Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal

10  theories' or whose 'factual contentions are clearly baseless.'"  <u>Jackson v. Arizona</u>, 885 F.2d 639,

11  640 (9th Cir. 1989) (quoting <u>Neitzke</u>, 490 U.S. at 327), <u>superseded by statute on other grounds as</u>

12  <u>stated in</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a

13  constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.

14  <u>Franklin</u>, 745 F.2d at 1227-28 (citations omitted).

15          "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

16  claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

17  what the . . . claim is and the grounds upon which it rests.'"  <u>Bell Atl. Corp. v. Twombly</u>, 550

18  U.S. 544, 555 (2007) (alteration in original) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).

19  "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context

20  of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  <u>Wilhelm v. Rotman</u>,

21  680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure

22  to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a

23  cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the

24  speculative level."  <u>Twombly</u>, 550 U.S. at 555 (citations omitted).  "[T]he pleading must contain

25  something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

26  cognizable right of action."  <u>Id.</u> (alteration in original) (quoting 5 Charles Alan Wright & Arthur

27  R. Miller, <u>Federal Practice and Procedure</u> § 1216 (3d ed. 2004)).

28  ////

1    "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

2    relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

3    Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual

4    content that allows the court to draw the reasonable inference that the defendant is liable for the

5    misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).  In reviewing a complaint under this

6    standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.

7    Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the

8    pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,

9    Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

10        III.    Complaint

11        The complaint alleges that defendant Curry violated plaintiff's First and Eighth

12    Amendment rights.  ECF No. 1.  Plaintiff suffers from gastroesophageal reflux disease and

13    requires a wedge pillow when he sleeps to prevent him from choking on his own saliva and

14    experiencing pain in his esophagus due to his severe reflux.  Id. at 4-5.  On April 1, 2021,

15    defendant retaliated against plaintiff by refusing to complete the exchange of plaintiff's wedge

16    pillow, as ordered by plaintiff's physician, and required him to wait two weeks until she

17    scheduled him to come in.  Id. at 6.  Plaintiff required a new pillow because the old pillow had

18    worn out and was no longer effective, and defendant had no legitimate reason to refuse the

19    exchange.  Id. at 5.  Plaintiff had previously made complaints against defendant for interfering

20    with his medical care, and defendant stated that she would not complete the exchange when

21    requested because of prior incident between them.  Id. at 5-6.

22        Plaintiff's allegations are sufficient to state claims for retaliation and deliberate

23    indifference against defendant, who will be required to respond to the complaint.  See Rhodes v.

24    Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (retaliation claim must include allegation that

25    defendant took adverse action against plaintiff because of his protected conduct and that the

26    action chilled plaintiff's exercise of First Amendment rights and lacked legitimate correctional

27    goal); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citation omitted) (deliberate

28    ////

3

1  indifference shown by a purposeful act or failure to respond to plaintiff's pain or medical need

2  and harm cause by indifference).

3  IV.    Service of the Complaint

4  The Clerk of the Court will be directed to issue the appropriate number of summonses to

5  plaintiff for purposes of service of process.  See Fed. R. Civ. P. 4.  Plaintiff shall complete service

6  of process in accordance with Federal Rule of Civil Procedure 4 within sixty days from the date

7  of this order.  Plaintiff shall serve a copy of this order on defendant together with a summons and

8  a copy of the complaint.

9  V.    Plain Language Summary of this Order for a Pro Se Litigant

10  The complaint states claims for retaliation and deliberate indifference against defendant

11  Curry, who will be required to respond to the complaint.

12  In accordance with the above, IT IS HEREBY ORDERED that:

13  1.  The November 28, 2022 findings and recommendations (ECF No. 9) are

14  WITHDRAWN.

15  2.  In accordance with 28 U.S.C. § 1915A, the court has screened and found service of the

16  complaint appropriate.  If defendant either waives service or is personally served, the defendant is

17  required to reply to the complaint.  42 U.S.C. § 1997e(g)(2).

18  3.  The Clerk of the Court is directed to issue and send plaintiff one summons, for

19  defendant Curry.

20  4.  Plaintiff shall complete service of process on defendant within sixty days from the

21  date of this order in accordance with Federal Rule of Civil Procedure 4.  Plaintiff shall serve a

22  copy of this order on defendant at the time the summons and complaint are served.

23  5.  Defendant shall reply to the complaint within the time provided in Federal Rule of

24  Civil Procedure 12(a).

25  6.  Unless otherwise ordered, all motions to dismiss, motions for summary judgment,

26  motions concerning discovery, motions pursuant to Federal Rules of Civil Procedure 7, 11, 12,

27  15, 41, 55, 56, 59 and 60, and Local Rule 110, shall be briefed pursuant to Local Rule 230(l).

28  Failure to timely oppose such a motion may be deemed a waiver of opposition to the motion.

L.R. 230(l).  Unsigned affidavits or declarations will be stricken, and affidavits or declarations not signed under penalty of perjury have no evidentiary value.  Opposition to all other motions need be filed only as directed by the court.

7.  If an attorney has appeared on behalf of a defendant, plaintiff must serve documents on that attorney and not on the defendant.  See Fed. R. Civ. P. 5(b).  Attorneys filing documents in this court are required to consent to electronic service and will be served with a Notice of Electronic Filing that is automatically generated by CM/ECF at the time the Clerk of the Court files plaintiff's documents with the system and that includes a link to a copy of the filed document.  L.R. 135(a), (g).  Plaintiff is therefore not required to serve a defendant's attorney with paper copies of documents filed with the court.[1]  For documents that are not filed with the court (e.g., discovery requests), plaintiff must still serve paper copies on a defendant's attorney.

8.  If plaintiff is released from prison while this case is pending, any party may request application of the other provisions of Local Rule 230 in lieu of Local Rule 230(l).  Until such a motion is granted, Local Rule 230(l) will govern all motions described in paragraph 6 above regardless of plaintiff's custodial status.  L.R. 102(d).

9.  Pursuant to Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988), the court hereby informs plaintiff of the following requirements for opposing a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.  Such a motion is a request for an order for judgment in favor of the defendant without trial.  A defendant's motion for summary judgment will set forth the facts that the defendant contends are not reasonably subject to dispute and that entitle the defendant to judgment.  To oppose a motion for summary judgment, plaintiff must show proof of his or her claims.  Plaintiff may do this in one or more of the following ways.  Plaintiff may rely on plaintiff's statements made under penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff specifies those parts of the

---

[1]  The prison mailbox rule shall apply for determining the timeliness of a filing.  See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing rule that a prisoner's court document is deemed filed on the date the prisoner delivered the document to prison officials for mailing).  However, the deadline for any response or reply shall be based upon the date of electronic service.

complaint on which plaintiff relies.  Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must have personal knowledge of the facts stated.  Plaintiff may rely on written records, but plaintiff must prove that the records are what plaintiff asserts they are. Plaintiff may rely on all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding.  If plaintiff fails to contradict the defendant's evidence with counter-affidavits or other admissible evidence, the court may accept defendant's evidence as true and grant the motion.  If there is some good reason why such facts are not available to plaintiff when required to oppose a motion for summary judgment, the court will consider a request to postpone consideration of the defendant's motion.  Fed. R. Civ. P. 56(d).  If plaintiff does not serve and file a written opposition to the motion, or a request to postpone consideration of the motion, the court may consider the failure to act as a waiver of opposition to the defendant's motion.  L.R. 230(l).  If the court grants the motion for summary judgment, whether opposed or unopposed, judgment will be entered for the defendant without a trial and the case will be closed as to that defendant.

10. If defendant moves for summary judgment, defendant must contemporaneously serve with the motion, but in a separate document, a copy of the attached <u>Rand</u> Notice.  <u>See</u> <u>Woods v. Carey</u>, 684 F.3d 934, 935 (9th Cir. 2012); <u>Rand v. Rowland</u>, 154 F.3d 952, 957 (9th Cir. 1998). **Failure to do so may constitute grounds for denial of the motion.**

11. On April 3, 2014, the United States Court of Appeals for the Ninth Circuit overruled <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003), with respect to the proper procedural device for raising the issue of administrative exhaustion.  <u>Albino v. Baca</u>, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc).  Following the decision in <u>Albino</u>, a defendant may raise the issue of exhaustion in either (1) a motion to dismiss pursuant to Rule 12(b)(6), in the rare event the failure to exhaust is clear on the face of the amended complaint, or (2) a motion for summary judgment. <u>Albino</u>, 747 F.3d at 1166, 1169-70 (quotation marks omitted).  An unenumerated Rule 12(b) motion is no longer the proper procedural device for raising the issue of exhaustion.  <u>Albino</u>, 747 ////

F.3d at 1168.  The court encourages defendant to bring motions raising exhaustion issues early in the case.  Id. at 1170-71.

12. Unsigned affidavits or declarations will be stricken, and affidavits or declarations not signed under penalty of perjury have no evidentiary value.

13.  Each party proceeding without counsel shall keep the court informed of a current address at all times while the action is pending.  Any change of address must be reported promptly to the court in a separate document captioned for this case and entitled "Notice of Change of Address."  A notice of change of address must be properly served on other parties. Service of documents at the address of record for a party is fully effective.  L.R. 182(f).  A party's failure to inform the court of a change of address may result in the imposition of sanctions including dismissal of the action.

14.  The Clerk of the Court shall serve on plaintiff a copy of the Local Rules of Court.

15.  The failure of any party to comply with this order, the Federal Rules of Civil Procedure, or the Local Rules of Court, may result in the imposition of sanctions including, but not limited to, dismissal of the action or entry of default.  See Fed. R. Civ. P. 41(b).

DATED: December 15, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

7

**Rand Notice to Plaintiff**

This notice is provided to ensure that you, a pro se prisoner plaintiff, "have fair, timely and adequate notice of what is required" to oppose a motion for summary judgment.  See Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998).  The court requires that you be provided with this notice regarding the requirements for opposing a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

When a defendant moves for summary judgment, the defendant is requesting that the court grant judgment in defendant's favor without a trial.  If there is no real dispute about any fact that would affect the result of your case, the defendant who asked for summary judgment is entitled to judgment as a matter of law, which will end your case against that defendant.  A motion for summary judgment will set forth the facts that the defendant asserts are not reasonably subject to dispute and that entitle the defendant to judgment.

To oppose a motion for summary judgment, you must show proof of your claims.[1]  To do this, you may refer to specific statements made in your complaint if you signed your complaint under penalty of perjury and if your complaint shows that you have personal knowledge of the matters stated.  You may also submit declarations setting forth the facts that you believe prove your claims, as long as the person who signs the declaration has personal knowledge of the facts stated.  You may also submit all or part of deposition transcripts, answers to interrogatories, admissions, and other authenticated documents.  For each of the facts listed in the defendant's Statement of Undisputed Facts, you must admit the facts that are undisputed, and deny the facts that are disputed.  If you deny a fact, you must cite to the proof that you rely on to support your denial.  See L.R. 260(b).  If you fail to contradict the defendant's evidence with your own evidence, the court may accept the defendant's evidence as the truth and grant the motion.

The court will consider a request to postpone consideration of the defendant's motion if you submit a declaration showing that for a specific reason you cannot present such facts in your opposition.  If you do not respond to the motion, the court may consider your failure to act as a waiver of your opposition.  See L.R. 230(l).

If the court grants the defendant's motion, whether opposed or unopposed, judgment will be entered for that defendant without a trial and the case will be closed as to that defendant.

---

[1] If the motion for summary judgment concerns the exhaustion of administrative remedies, you must submit proof of specific facts regarding the exhaustion of administrative remedies.  See Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012); Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014).

1